Lipsoomb, J.
The appellant was indicted in the district court, for keeping a nine pin alley, without having first paid the license tax, under the statute of the 3d February, 1845. By this act, it is provided: “ That mvy person or persons mho shall violate any law or laws, reguirimg the payment of license taxes, shall be deemed guilty of a misdemeanor, and, on i/ndietment by the grand jury, and eon-motion by the petit jv/ry, shall forfeit and, pay such sum of money as shall be double the amount of the license tax, which such person or persons so offending were liable to pay.” The act of congress of the 5th February, 1842, imposes a license tax of fifty dollars on nine pin alleys, without expressing the qualification of their being kept for play. It is, however, contended that the indictment should have averred that the alley was kept for play, to subject the proprietor to a liability for the tax; that, although this qualification is not in express terms imposed by the act, yet it must be so understood; the intention of the legislature would, perhaps, have been les3 certain, if the expressions that are said to have been implied were not used when applied to other objects from which a revenue was to be raised. In the same act, a tax is imposed on watches with the express qualification that it was on those kept for use;' the same qualification is expressed in the tax on clocks.
The tax on pleasure carriages of every description is imposed without regard to their being kept for use; so the license on billiard tables, leaving no doubt as to the articles taxed with, or those without the qualification. In the construction of the act, we must believe the legislature meant neither more nor less than the plain and obvious import of the language employed; and when the condition is imposed in some cases and omitted in others, we must understand the distinction to be intended. There is certainly as much reason in imposing *(99) tbe license on the proprietors of billiard tables and nine pin alleys, regardless whether they were kept for play or not, as to impose a tax on a pleasure carriage whether kept for use or not. The intention to tax the latter has never been questioned, and the owner of a ten pin alley is not entitled to a more liberal construction. The indictment in this case is substantially in the words of the law, and it never has been held that it was necessary to contain more.
We are therefore of'the opinion that there was no error, and the judgment must be affirmed.